SNEED, J.,
delivered the opinion of the Court.
In this cause, tried and determined in the Chancery Court at Carthage, at a special term, lield on the fourth Monday in October, 1868, Dilly Page, a colored woman, prayed an appeal to this Court, which was granted, upon condition that she give bond according to law, or take the oath prescribed for poor persons, on or before the 15th day of November next ensuing. On the 12th day of November thereafter, she appeared before the Deputy Clerk and Master of said Court, and took the pauper oath, and the transcript of the record in said cause was filed in this Court on the 16th day of November thereafter. Now, at the December Term, 1870, of this Court, the complainant moves to strike the cause from the docket, because said pauper oath was taken out of term time, and , before the Deputy Clerk and Master.
*636 The question whether this Court can entertain a cause brought here by appeal in forma pauperis, when the oath is taken out of term, time, is not free from difficulty, on account of the obscurity with which conflicting decisions have invested it.
It is upon no specific statute of our own, but upon the construction, by the English Courts, of the statute of 11 Hen., 7, c. 12, which has been adopted here and applied to our own State, that appeals in forma pauperis are granted at all. Phillips v. Rudle, 1 Yer., 121; Herd v. Dew, 9 Hum., 365.
In the first case cited, the Circuit Court had permitted the defendant to take the oath prescribed by the Act of 1821, c. 22, s. 2, that he was not able to bear the expenses of the law suit he was about to' carry up to the Supreme Court, and that he was justly entitled to the relief against the judgment. It was contended that the Act of 1821, c. 22, only applied to plaintiffs beginning a suit by original writ, but, at furthest, would only excuse the giving of a prosecution bond for costs under the Act of 1807, c. 19, ss. 1 and 2, and that the same would not extend to the suing out of writs of error, which required security before being granted. In that case it was said by Judge "Whyte, that the statute of 11 Hen., 7, e. 12, was more copious in expression than ours, but not more comprehensive in its scope and effect. It was enacted for the reasons stated in the preamble, that the King willeth and intendeth indifferent justice to be administered, according to his common laws, to the poor as to the rich. Upon the construction of that statute, the Lord Chancellor pronounced it a very singu *637 lar proposition tbat a pauper could not appeal. Pie could not see why, because a party was poor, the Court could not set itself right. Bland v. Lamb, 2 Jac. & Walk., 402.
It cannot be denied that the rigor of judicial ruling in this State, upon this subject, has, in many cases, amounted to a denial of public justice to the poor. A litigant, who honestly believes he has merits in his cause, wishes to have his rights adjudicated in a court of last resort. He is told that he must give bond and security for the costs, and often for the amount of the judgment itself, before he can be allowed that privilege, or he must take the oath prescribed for the poor. With a natural repugnance to the latter alternative, he asks time to counsel with his neighbors, and try to produce the required bond. The Court graciously gives him time to give the bond or take the oath, and designates a day in vacation for that purpose. He finds that he can not give the required bond, and is obliged to take the pauper oath. He pursues the course the Court itself has prescribed for him, and goes before the Clerk in vacation, and takes the oath. The affidavit is made a part of the record, and when presented here, his cause is summarily dismissed, because his affidavit was made before the Clerk, out of term time. It seems to us that such a practice works an inexcusable hardship, and is one of those reproaches upon the law which courts of justice should make haste to correct. And, in the absence of any positive statute upon the ■subject, we are led to inquire whether such a harsh decision can fairly be deduced from the principles of the common law. It may be conceded that the granting of *638 an appeal, and the taking of a bond, or the administration of the oath in forma pauperis, is a judicial act, but yet the Court has no .discretion whether to grant or refuse an appeal from its final judgments, upon conformity by the appellant to the conditions prescribed by law. But the object of the law, this Court has said, as to actions in forma pauperis, was to place the weak on a level with the strong, in a contest for their rights in the courts of justice. Barber v. Denning, 4 Sneed, 267.
It has constantly been the practice of this Court to entertain appeals, upon bonds given before the Clerk and Master, and out of term time, under the orders of the Court. This practice has been reprehended. But it is said to have been too long sanctioned by usage to be changed now, and it can not be extended by judicial construction to embrace appeals prosecuted under the poor laws. McPhatridge et al. v. Gregg et al., 4 Cold., 326. This discrimination is unsatisfactory, and if the object of the law be “to place the weak on a level with the strong' in a contest for their rights,” we are led to demand a reason for it. Upon what principle is it that an appeal can be entertained here upon a bond taken under the orders of the Court, out of term time? Because it is a quasi judicial act, done under the order and sanction of the Court. Is not the oath in forma pauperis, taken by the Clerk and Master out of term time, and under the' sanction and orders of the Court, just as much a judicial act as the other? This certainly seems a distinction without a difference. The Clerk and Master, as the agent of the Court, is presumed, in taking the bond, to know what he is doing, and knows that a good bond is required. *639 He is presumed to know, also, the effect of tbe oath in forma pauperis; and in either case, he has a direct personal interest in seeing to it that the law be not abused.
If the oath be false, there is a remedy for the party injured. This, say the Court, and the criminal responsibility which the party incurs by falsely taking the pauper oath, was deemed a sufficient security against the abuse of the law. Morris v. Smith, 11 Hum., 135. An indictment for perjury may be predicated upon such an oath falsely and corruptly taken. Any person who willfully and corruptly swears or affirms falsely, in any material matter, upon any oath or affirmation required or authorized by law, is guilty of perjury. Code, 4793.
A proceeding before one in any way entrusted with the administration of justice, in respect of any matter regularly before him, is considered judicial for this pur'pose. 2 Euss. on Cr., 518; Hawk. P. C., c. 69, s. 3; 3 Yeates (Penn.,) 414; 9 Pet., 238; 2 Bouv. L. D., 324. There are many acts which Clerks and Masters are required to do out of Court, which are not less judicial proceedings because they are done out of term time. Their duties in such matters are partly ministerial, • and partly judicial; and when done by express orders of the Court, they are presumed to have been done in presence of the Court. McAlister v. Scrice, 7 Yer., 278. Thus, in the issuance of divers writs known to the law, upon the fiat of a Judge, their official • acts out of term time are judicial proceedings, and when attested and filed, they are invested with the verity of records. They may take depositions and accounts; they issue injunctions and writs of supersedeas out of term time, in forma pauperis,. upon *640 the order of a Judge dispensing with security, Code, 313; they administer oaths in and out of term time, in all cases in which the authority to do so, in the particular case, is not vested in some other officer, Code, 4050, and the Deputy has all the power of the Clerk. Code, 4050. When they take and file a bond for the prosecution of an appeal, it becomes a part of the record in the appellate court, on which judgment may be recovered at any time against the appellant and his sureties, without notice. Code, 3161. And so in administering the oath in forma pauperis, the affidavit becomes a part of the record, and if not transcribed into the record, it is fatal.
If the person appealing in such form, fail to prosecute his suit successfully, the Court is not precluded from rendering a judgment against him for costs, Code, 3195, and by a fair construction of the statute, if it be made to appear in this Court that the affidavit is not true, the cause may be dismissed. Code, 3194. The spirit of our legislation, of late years, has been to break down the hedges of technical rule, and deal with substance. The paramount duty of the Court is, to strike the balance between the parties upon the merits of the controversy. “No judgment, decision or decree of the inferior Court can be reversed here/’ unless for errors which affect the merits of the judgment, decision or decree eonpplained of. Code, 4516. And this Court is required, in all cases where,' in its opinion; complete justice can not be had, by reason of some defect in the record, want of proper parties, or oversight without culpable negligence to remand the cause to the court below for further proceedings, with proper directions to effectuate the object of order, *641 and upon such terms as may be deemed right. Code, 3170. These provisions are very broad and comprehensive. They sufficiently indicate the spirit of our legislation, and admonish the courts that the day for determining the rights of the citizen by the quillets of legal legerdemain has passed away.
The only question really before the Court, in the case of Davis v. Dyer, 5 Sneed, 680, was, whether the oath in forma pauperis, upon appeal from the Circuit Court to this Court could be taken before a Justice of the. Peace. It was very correctly held that it could not. In that case, it is stated to be the doctrine of the Court, that the oath must be taken in court. A very liberal rule, however, was announced in the case of Morris v. Smith, 11 Hum., 135. If any person, say the Court, shall appear before the Clerk of a Court, and make the affidavit prescribed by the Act of 1821, c. 22, authorizing poor persons to begin suits, or prosecute writs of error, without security, such Clerk is bound to issue the writ, and has no discretion to refuse to allow it. If the affidavit be insufficient, its defects may be supplied, or if untrue, the party may give security for the prosecution of the suit or appeal. This Court has uniformly held, that, where an insufficient bond for appeal or writ of error has been taken, it may be amended, and the proper bond given. The pauper’s oath is substituted in the place of the bond and security, and when untrue or defective, may be amended or supplied, as in case of an insufficient bond. 11 Hum., 135. In the case of White v. Henderson, where time had been allowed, upon appeal, to take the pauper oath out of term time, this Court, upon a motion to dismiss, allowed the *642 party time to give security, or take the oath in this Court. 1 Heis. Dig., 152. And it was held in Brown v. Brown, that a motion to dismiss, because time was given below to take the pauper oath, must be made before the cause is reached or any step taken, as an order for an account; but a continuance by consent was not such a step as to preclude the motion. White v. Henderson, 1 Heis. Dig., 152.
We have recently held that even where the appeal bond is given after the time allowed by the Court, a motion to dismiss at the fourth term after the record is filed, comes too late. Tedder v. Odum.[1] And in the case of Gillespie v. Goddard, it was held that irregularities in bringing up cases on appeal were waived, unless the motion to dismiss was made at the first term after notice of the filing of the transcript. 1 Heis., 777. And we have held, at the present term, that an appeal taken to this Court, upon a pauper oath, taken before the Clerk below, out of term time, and at a time unauthorized by the order of the Court, was a nullity. We adhere to the latter ruling, because the Clerk had no authority of law, in case of appeal, to take such affidavit. The difference between that case and this is, that in this case the Clerk, in taking the affidavit, acted under the express authority of the Court.
We are unable to reconcile the doctrine of some of our cases upon this subject with sound principle. We can not see a substantial reason for discriminating in favor of that class of our citizens who have wealth and ability to *643 bring their causes here upon appeal bond,....and tagainst another class, who, from poverty and misfortune, are unable to do so. If the rich man is to be allowed time out of term time to bring up his cause in his way, why not vouchsafe to the' poor man the like privilege?
Upon a review of all the authorities, and the liberal provisions of our statutes prescribing, a practice for this Court, and allowing this Court to prescribe its own rules of practice, we hold, that, upon appeal in forma pauperis from the Chancery Court to this Court, the oath may be taken before the Clerk out of term time; provided, it appears of record that such oath was taken under the express order or decree of such Chancery Court; that such action by the Clerk and Master, under the sanction and direction of the Court, is a judicial proceeding, in the sense of the law.
There are other questions presented in the argument of this motion, but we rest its decision upon' the main question discussed in this opinion, as it has come now to be one of great public importance.
The motion is disallowed.

 Ante, p. 50.